**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10229 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00615-MHP-1 |
| v. | |
| JERMAINE LEWIS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

Argued and Submitted March 15, 2012
San Francisco, California

Before: McKEOWN and M. SMITH, Circuit Judges, and ROTHSTEIN, Senior District Judge.[**]

Jermaine Lewis appeals the district court's order denying his motion to

suppress the firearm discovered in his car.  After the motion was denied, Lewis

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Barbara Jacobs Rothstein, Senior District Judge for the U.S. District Court for Western Washington, sitting by designation.

was convicted, in a stipulated bench trial, of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Lewis preserved only the right to appeal the denial of the motion to suppress; he does not challenge his conviction here.

Lewis argues that the district court erred in three ways. First, Lewis argues that he was detained without reasonable suspicion, making the search of his car unreasonable. Next, he argues that the search of his car was not a valid inventory search. Finally, he argues that the San Francisco Police Department inventory search policy was unconstitutionally broad, rendering the inventory search likewise unconstitutional. We have jurisdiction pursuant to 28 U.S.C. § 1291. The facts of the case are known to the parties. We repeat them only as necessary.

I

We review a district court's denial of a motion to suppress de novo and the district court's underlying findings of fact for clear error. *United States v. Giberson*, 527 F.3d 882, 886 (9th Cir. 2008).

II

An investigatory stop in which an individual is detained "does not violate the Fourth Amendment if the officers have reasonable suspicion supported by articulable facts that criminal activity may be afoot." *United States v. Basher*, 629

F.3d 1161, 1165 (9th Cir. 2011) (internal quotation marks omitted). Reasonable suspicion exists where, "in light of the totality of the circumstances, the officer had 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.'" *United States v. Berber-Tinoco*, 510 F.3d 1083, 1087 (9th Cir. 2007) (quoting *United States v. Cortez*, 449 U.S. 411, 417–18 (1981)). The scope of the investigatory stop must be reasonably related to the circumstances justifying the stop. *Terry v. Ohio*, 392 U.S. 1, 19 (1968).

Lewis concedes that, on the night in question, he had parked his car partially in a crosswalk in violation of California Vehicle Code § 22500(b). The San Francisco Police Department officers witnessed Lewis commit the parking violation. The officers had also been informed by dispatch that Lewis's registration had expired. There is no question that, in the totality of the circumstances, the officers had reasonable suspicion to believe that an offense had been committed. The stop consisted only of the officers following Lewis into the corner store and asking to see his driver's license; it was after they checked Lewis's license and were informed that it was invalid that the officers decided to prolong the encounter. This was reasonable in scope in light of the fact that the officers witnessed Lewis committing a parking violation. Accordingly, the officers

3

did not violate the Fourth Amendment when they stopped Lewis and asked to see his driver's license.

III

An inventory search conducted pursuant to the community caretaking functions of the police does not require a warrant or probable cause; it must only be reasonable under the Fourth Amendment. *Colorado v. Bertine*, 479 U.S. 367, 371 (1987). In general, the routine practice of securing and inventorying the contents of a car taken into custody, performed pursuant to standardized procedures, will be considered reasonable. *Id.* at 371–72. The standardized criteria governing an inventory search must be specific enough to prevent such a search from being a pretext "for a general rummaging in order to discover incriminating evidence." *Florida v. Wells*, 495 U.S. 1, 4 (1990).

Here, San Francisco General Order (SFGO) 9.06 required the officers to impound Lewis's car once they discovered he was driving with a suspended or revoked licence. SFGO 9.06 required that any car taken into custody be inventoried, and set forth the procedures by which the inventory could be conducted. The district court found no evidence that the inventory search was a pretext for a general criminal investigation, and we do not disturb that finding. The inventory search was reasonable under the Fourth Amendment. The district

4

court did not err in denying the motion to suppress the firearm discovered in the car during the inventory.

## IV

Lewis argues that the inventory search could not have been reasonable because SFGO 9.06 is facially unconstitutional. Lewis did not raise this argument in his motion to suppress in the district court, and the district court did not consider the issue. We generally do not consider arguments raised for the first time on appeal, *AlohaCare v. Haw. Dep't of Human Servs.*, 572 F.3d 740, 744 (9th Cir. 2009), and we will not do so here.

## V

Because the district court properly held that there was reasonable suspicion to detain Lewis and that the search of Lewis's car was an inventory search, the denial of Lewis's motion to suppress is

**AFFIRMED.**